IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLEVELAND MYLES-BARNES,** | : | CIVIL NO. 1:14-CV-1685 |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| **CRAIG LOWE, Warden, Pike County Prison, CHARLES JOHNSON, Secretary, U.S. Department of Homeland Security, THOMAS DECKER, Director, U.S. Immigration and Customs Enforcement, Philadelphia Field Office,** | : | |
| Respondents | : | |

### **MEMORANDUM**

Petitioner Cleveland Myles-Barnes ("petitioner"), presently a detainee of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), incarcerated at the Pike County Prison, Lords Valley, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, on August 28, 2014, challenging the lawfulness of his continued detention. (Doc. 1). The petition is ripe for disposition and, for the reasons set forth below, will be dismissed without prejudice.

I. **Background**

Petitioner, a native and citizen of Jamaica, illegally entered the United States at an unknown location on an unknown date. (Doc. 1, p. 18). On October 5, 2007, he pled guilty in the United States District Court, Northern District of Texas, to False Representation of Citizenship in violation of 18 U.S.C. § 911. (Doc. 6-1, p. 2). He was sentenced to an eight month term of imprisonment. (Id.) On August 29, 2013, he was apprised *via* a Notice to Appear that he was subject to removal pursuant to 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), as amended, as an alien present in the United States without being admitted or paroled, and Section 212(a)(6)(C)(ii) of the INA, as an alien who falsely represents, or has falsely represented himself to be a citizen of the United States for purpose or benefit under the INA or any other federal or state law. (Doc. 1, pp. 18-19). On September 23, 2013, he was ordered removed to Jamaica. (Id. at 16).

On December 12, 2013, ICE reviewed petitioner's custodial status and issued a decision to continue his detention based on the expectation that the Jamaican Consulate would issue a travel document in the foreseeable future, as well as the determination, based on his criminal history of drug convictions and false claims, that he was a danger to the community and a flight risk. (Doc. 1, p. 29).

In April and July, 2014, the Department of Homeland Security's Headquarters Custody Management Unit in Washington D.C., reviewed petitioner's custodial status and concluded that, because the Jamaican government had not

denied issuance of a travel document, his removal was expected to occur in the reasonably foreseeable future.  (Id. at 30-31).

The instant petition was filed on August 28, 2014.

## II.     Discussion

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement, as is the case here.  Preiser v. Rodriguez, 411 U.S. 475, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993).  Clearly, a habeas corpus petition is the appropriate vehicle to obtain the relief petitioner seeks.

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231.  Under § 1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory.  Section 1231(a)(1)(B) provides the following:

> The removal period begins to run on the latest of the following:
>
> > (i) The date the order of removal becomes administratively final.
> >
> > (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
> >
> > (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. §1231.  At the conclusion of the ninety-day period, the alien may be held in continued detention, or may be released under continued supervision.  8 U.S.C. §§ 1231(a)(3) & ( 6).  In Zadvydas v. Davis, 533 U.S. 678, 689 (2001), the Supreme Court concluded that the statute "limits an alien's post-removal-period detention to a

period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Id. at 699. "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention."[1] Id. at 701.

Petitioner was taken into ICE custody pursuant to a final order of removal on September 23, 2013, and the six-month presumptively reasonable period of post-removal-period detention expired on or about March 23, 2014. However, the Zadvydas Court emphasized that "[t]his 6–month presumption [ ] does not mean that every alien not removed must be released after six months." Zadvydas, 533 U.S. at 701. Rather, the Supreme Court explained that, to state a claim for habeas relief under § 2241, an alien must provide in the petition good reason to believe that his or her removal is not foreseeable. Id. If at the conclusion of the six-month period the alien provides good reason to believe that there is no significant

---

[1] Following Zadvydas, regulations were promulgated to meet the criteria established by the Supreme Court. See 8 C.F.R. § 241.4. Prior to the expiration of the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(I). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Custody Management Unit for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(d)(1). Petitioner's custody was reviewed by the Headquarters Custody Management Unit in April and July 2014.

4

likelihood of removal in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Id., at 701. In the absence of factual allegations supporting the conclusion that removal is not reasonably foreseeable, ICE does not have to respond by showing that removal is reasonably foreseeable. Id. ; see also Barenboy v. Attorney General of U.S., 160 F. App'x 258, 261 n. 2 (3d Cir. 2005) ("Once the six-month period has passed, the burden is on the alien to provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Only then does the burden shift to the Government, which must respond with evidence sufficient to rebut that showing") (citation and internal quotation marks omitted).

Petitioner argues that despite his full cooperation, ICE has not been able to secure travel documents. (Doc. 1, p. 7). Specifically, "ICE has had a period that dates back to September 23, 2013, to procure the needed travel document to remove [him] from [the] United States but have[sic] not been successful. ICE has been in contact and has been working with the government of Jamaica since September 23, 2013, as ordered by the I[mmigration] J[udge] and the Immigration Courts, and still claims to be working with the same government to achieve the same required documents without end in sight." (Id. at 6).

Such conclusory statements are not evidence of a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Petitioner "has made no showing whatever that there is 'no significant likelihood of removal in the reasonably foreseeable future,' " Encamacion–Mendez v. Attorney General of U.S., 176 F. App'x 251, 254 (3d Cir. 2006), and he has not otherwise

shown that his detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see, e.g., Joseph v. United States, 127 F. App'x 79, 81 (3d Cir. 2005) (finding that "[u]nder Zadvydas, a petitioner must provide 'good reason' to believe there is no likelihood of removal, 533 U.S. at 701, and Alva has failed to make that showing here."); Soberanes v. Comfort, 388 F.3d 1305 (10th Cir. 2004) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6) where petitioner failed to provide good reason to believe that there is no likelihood of removal); Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002) (concluding that "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future").  Because, at this time, continued detention remains reasonable, it is constitutionally permissible.  The petition is therefore subject to dismissal.

However, ICE is cautioned that, although the current record does not demonstrate that "there is no significant likelihood of removal in the reasonably foreseeable future," Zadvydas, 533 U.S. at 701, at some point in time, the inability of ICE to remove petitioner to Jamaica may provide "good reason" to believe the removal is unlikely to be carried out.  "For detention to remain reasonable, as the period for confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink."  Id.  The dismissal is therefore without prejudice to the filing of a new § 2241 petition in the event that petitioner can provide

evidence of good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.

**III.     Conclusion**

Based on the foregoing, the petition for writ of habeas corpus will be dismissed without prejudice.

An appropriate Order will issue.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      October 30, 2014